GEORGE R. WESSON *vs.* WASHBURN CAR WHEEL COMPANY.

Worcester.    October 2, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Nuisance — Prescription — Findings of Jury.*

In an action for a nuisance, namely, the use and operation of a steam hammer near the plaintiff's house, two questions were put to the jury : first, whether the defendant had acquired a prescriptive right; secondly, whether the hammer was a nuisance; and they were instructed, in addition to certain rulings as to the acquisition of such a right by prescription, that they would have no occasion to consider prescription unless they first found that the hammer was a nuisance entitling the plaintiff to damages. The first question was answered in the affirmative, the second in the negative. *Held,* that the finding that the hammer was not a nuisance made the rulings as to prescription immaterial.

TORT, for a nuisance, namely, the maintenance and use by the defendant corporation of a heavy steam hammer in its works near the plaintiff's house in Worcester. Trial in the Superior Court, before *Staples,* J., who, after a verdict for the defendant, allowed exceptions, which, so far as material to the point decided, appear in the opinion.

*W. S. B. Hopkins,* (*F. B. Smith* with him,) for the plaintiff.
*F. P. Goulding,* for the defendant.

HOLMES, J.    This case comes before us on exceptions to certain rulings as to the acquisition of a prescriptive right to maintain a steam hammer alleged to be a nuisance. In addition to the instructions complained of, the jury were instructed that they had no occasion to consider prescription, unless they found, first, that the hammer was a nuisance entitling the plaintiff to damages. These two questions were put to them : first, whether the defendant had acquired a prescriptive right; second, whether the hammer was a nuisance. They answered the first, Yes, and the second, No. Of course the answer to the second made the rulings on the first immaterial. It is suggested that the jury were confused by the order of the questions, and otherwise ; that in order to find a prescriptive right they must have found that the hammer was a nuisance ; and that their answer, No, to the second question, should be taken to mean only that the hammer

was not a nuisance because the defendant had gained a prescriptive right. We see nothing to warrant us in assuming that the jury were misled in any material respect. If there had been ground for supposing so, no doubt the verdict would have been set aside. It seems to us more reasonable to interpret the answers of the jury as meaning that the hammer was not a nuisance, and that it had been maintained continuously for so long that, if it had been one, the defendant would have acquired a right. So construed, the answer to the second question prevents our considering the law bearing on the first.

*Exceptions overruled.*